423 So.2d 496 (1982)
Robert C. ROY, Sr., Appellant,
v.
DAVIDSON EQUIPMENT, INC., Appellee.
No. 81-2401.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Ronald E. Jones, P.A., West Palm Beach, for appellant.
F. Gregory Barnhart of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellant, Robert C. Roy, suffered a money judgment in a suit on a guaranty agreement, which agreement appellant contends here (as he did at trial) was executed by him solely in a representative capacity. We affirm the trial court's judgment on its determination of appellant's personal liability, but reverse for a new trial on the issue of damages.
Roy Energy Corporation signed an equipment rental agreement with Davidson Equipment, Inc., for the lease of earth-moving equipment to be used in the corporation's coal mining operation. The signature read:
LESSEE: Roy Energy Corporation

By: Robert C. Roy, Pres.
The following words were typed under the "Remarks" section of the agreement:
$204,000.00 rental to be guaranteed personally by Mr. Robert Roy... .
At the same time a guaranty agreement was executed, which agreement included the following language:
The undersigned, jointly and severally, absolutely guarantee the full and prompt payment of any and every indebtedness, liability or obligation of Roy Energy Corporation arising out of such Contract.... In the event of default in payment of any amount due thereunder ... by Roy Energy Corporation ... the undersigned promise to pay the full amount of such indebtedness... .

The liability of the undersigned shall not be affected by ... the discharge or release of the indebtedness, liability or obligation of Roy Energy Corporation... .
This document, upon which appellant's liability was based, was signed as follows:
ROY ENERGY CORPORATION, GUARANTOR
 BY Robert C. Roy President
 (Signature) (Title)
The manner in which the guaranty was signed, standing alone and without more, would be the classic example of a corporate *497 officer signing in a representative capacity only.[1] But here there is much more. The instrument to which the signature was affixed was a guarantee of the corporate indebtedness of Roy Energy Corporation. For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless. Ricker v. B-W Acceptance Corporation, 349 F.2d 892 (10th Cir.1965). Furthermore, the guarantee was the joint and several obligation of the undersigned, which obligation was "not to be affected by ... the discharge or release of the indebtedness, liability or obligation of Roy Energy Corporation," an obvious paradox if Roy Energy Corporation were the guarantor. This language specifically negates the signature as having been made in a representative capacity. Cf., Manufacturers' Leasing, Ltd. v. Florida Development & Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976). Under the facts of this case appellant was personally obligated on the guaranty agreement.
Appellant's obligation, to guarantee payment of the corporate debt to appellee, was limited to the amount of that corporate debt. It appears from the record that the trial court, in computing the extent of appellant's obligation, looked to the amount which the rental agreement stated appellant would guarantee, i.e., $204,000, without considering the effect, if any, of the lease provision which terminated the corporation's obligation for further rental upon repossession of the equipment, an event which did occur.
That part of the judgment holding appellant personally liable on the guarantee is affirmed; the award of damages is reversed and this cause remanded for a new trial on damages only.
AFFIRMED, in part; REVERSED, in part, and REMANDED.
LETTS, C.J., and DELL, J., concur.
NOTES
[1] If the guaranty were a negotiable instrument, a signature in this manner would fall under Section 673.403(3), Florida Statutes (1981).