453 So.2d 934 (1984)
COMMERCIAL GARDEN Mall, a General Partnership, Appellant,
v.
The SUCCESS ACADEMY, INC., a Florida Corporation, and Lawrence D. Greer, Individually, Appellees.
No. 83-1037.
District Court of Appeal of Florida, Fourth District.
August 15, 1984.
*935 Jon Jay Ferdinand of Law Offices of Kaufman, Houchins & Ferdinand, Fort Lauderdale, for appellant.
Spencer M. Sax and George Aslanian of Sachs & Weiss, P.A., Boca Raton, for appellees.
PER CURIAM.
Plaintiff's original complaint for breach of a lease was dismissed for failure to attach a copy thereof. The lease was attached to the First Amended Complaint, but again defendants moved to dismiss, this time alleging the lack of the accompanying personal guarantee and the lack of a corporate seal. The lower court again dismissed the complaint, allowing plaintiff twenty days to amend. Thirteen days after this order was entered the plaintiff filed a "Motion for Rehearing," requesting the judge to articulate the grounds upon which the First Amended Complaint had been dismissed and offering case law on the issue of a defendant's personal liability on the lease. A hearing was held on this motion, resulting in a denial. Twelve days later the plaintiff filed his Second Amended Complaint. This time the defendants moved to dismiss on the basis that the Second Amended Complaint was filed more than twenty days after the trial court's order granting the motion to dismiss giving plaintiff twenty days to amend. This Second Amended Complaint was dismissed with prejudice and the plaintiff appeals both this and the dismissal of his First Amended Complaint. We reverse.
While a non-final order is not subject to a petition for rehearing, Hubert v. Division of Administration, State Department of Transportation, 425 So.2d 671 (Fla.2d DCA 1983), it is also true that a trial court has jurisdiction to control its *936 own non-final orders prior to entry of final judgment. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Therefore, the trial court had the discretion to entertain a petition for rehearing if it chose to do so. It did so choose and thereby impliedly tolled the time for filing the Second Amended Complaint which was filed only twelve days after the court denied the petition for rehearing. Since the trial court initially determined that a Second Amended Complaint could be filed within twenty days of the dismissal of the First Amended Complaint, the Second Amended Complaint was timely filed, and the trial court abused its discretion in dismissing it.
The plaintiff also appeals the dismissal of his First Amended Complaint, the grounds for which as we have said were not set forth by the trial court. However, an original pleading is usually superseded by an amendment to it Rice v. Clement, 184 So.2d 678 (Fla. 4th DCA 1966), so the merits of the dismissal of that First Amended Complaint are not before us. Notwithstanding, we perceive that upon remand these issues will again be considered below, so we make the following comments in the interest of judicial economy.
The Lease Agreement was signed:
The Success Academy, Inc.,
By: Lawrence D. Greer,
President
The Lease contained the following clause on p. 16:
SPECIAL CLAUSES:
1. In the event of default of this lease by The Success Academy, Inc., the terms and conditions herein shall be personally guaranteed by Lawrence D. Greer, President of The Success Academy, Inc.
In his First Amended Complaint plaintiff alleged in paragraph 6:
That the Defendant, LAWRENCE D. GREER, did, pursuant to the provision of the Lease as set forth on page 16 of said Lease agreed and promised in the event of default of this Lease by THE SUCCESS ACADEMY, that he was personally guaranteeing each and every obligation under said Lease and therefore is personally liable for the Default hereinafter set forth in this Complaint.
Defendant Greer initialed every page of the lease, including p. 16. Plaintiff urges that the case Roy v. Davidson Equipment, Inc., 423 So.2d 496 (Fla. 4th DCA 1982), is "on all fours" with his facts. This case had not been located by him at the first hearing but was presented to the court at the rehearing. There the President signed a lease with his corporate officer position next to his signature. The lease contained in the "Remarks" section:
"$204,000 rental to be guaranteed personally by Mr. Robert Roy."
A distinguishing factor in Roy is that a guaranty agreement was executed at the same time, which was also signed by Roy with his Corporate Officer position. The court observed that, standing alone, this signature (on the guaranty not the lease) would be the classic example of a corporate officer signing in a representative capacity only. But the court found that the guaranty instrument language would be meaningless if the signature was as President  the corporation would be guaranteeing its own debt.
However, even distinguishing the Roy case, we feel that the complaint did state a cause of action and should have withstood a motion to dismiss. The lack of a separate guaranty instrument is not clearly fatal. In Sabin v. Lowe's of Florida, Inc., 404 So.2d 772 (Fla. 5th DCA 1981), the credit application itself contained statements that the signor would "personally faithfully guarantee payment of all credit extended to said corporation." The court held that the President was individually liable even though he signed as President. The court rejected his argument that it was necessary for him to sign twice, once as President and once individually.
It should also be noted that the absence of the corporate seal on the lease does not necessarily eradicate the corporate defendant's liability since Section 689.01, *937 Florida Statutes (1981), makes it unnecessary.
REVERSED AND REMANDED.
LETTS, HURLEY and DELL, JJ., concur.