[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings its complaint in two counts. The first count is against the aforesaid corporation, in which the plaintiff claims $7,620.99 plus attorney fees of $1,143.15, pursuant to a credit application. The plaintiff received a judgment of $8,976.14 against the corporation on May 27, 1997.
In the second count, Anthony P. Savino, the named defendant, appeared pro se and filed an answer and three special defenses. The first two special defenses are stricken as being improperly filed. The third special defense states: "(3) Defendant, Anthony P. Savino, signed credit application as officer of Adverso Construction Managers, Inc. and not personally as Anthony P. Savino."
The parties were heard on April 14, 1998. The plaintiff put into evidence the said credit application, which contained a guaranty, (Exhibit A), a detailed account showing the sum of $7,620.99 (Exhibit B), and a packet of bills (Exhibit C). The plaintiff rested.
The sole issue left for the court is to determine whether the signature as president on the guaranty will exculpate Mr. Savino.
The issue then is whether the court may find corporate president, A.P. Savino, personally liable on a guaranty of the corporation's credit application when he appends his title as president immediately following his signature.
 A guaranty is a collateral undertaking to pay a debt or perform a duty, in case of the failure of another person, who is in the first instance liable to such payment or performance.
Bronx Derrick Toil Co. v. Porcupine Co., 117 Conn. 314, 318.
The court finds that Savino is personally liable on the guaranty executed on behalf of Adverso Construction Managers, Inc. as said guaranty was executed by Savino in his individual capacity. Savino's personal liability is evident from the guaranty contract language which clearly sets out its intent to bind the business to the terms of the credit application while binding the individual signatory to the guaranty. The contract language distinguishes "undersigned" from the principal debtor (the corporation). In addition, the guaranty contract language expressly sets out that the "undersigned" guarantees the credit CT Page 7470 agreement "collectively and individually." Finally, the nature of the instrument, a guaranty provision, necessitates finding Savino personally liable, notwithstanding his addition of his corporate title as a corporation's guaranty of its own debt would be meaningless.
As a threshold matter, "a corporation, since it is impersonal, cannot act at all except through persons representing it — the stockholders as a body and at a corporate meeting, the board of directors and other officers and agents." 2 Fletcher Cyclopedia Corporations (Permanent Ed. 1990) § 437, p. 348. "The ordinary rules governing the scope of an agent's authority apply to the agents and officers of a corporation just as they do the agents of a private individual. . . ." Id., 349. Ceci v.National Indemnity Co., 225 Conn. 165, 171, 622 A.2d 545 (1993) ("[A] corporation can act only through its agents").
"It is well settled in Connecticut that corporate residency per se does not confer inherent authority to commit the corporation." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 556,698 A.2d 245 (1997). "The corporation is only liable for the acts of its president if it is shown that [the] acts are so related to [the] duties as president that they may reasonably be held to have been done in the prosecution of the business of the corporation and while . . . acting within the scope of . . . employment." Id.
Thus, a corporate officer's signature to a contract will bind the corporation without also rendering the officer personally liable where he has authority to act for the corporation and where he signs unambiguously in his corporate capacity. SeeRent-A-Tool Equipment Corp. v. Perna, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135364 (August 8, 1996, Lewis, J.) (corporate check signed by defendant with the notation "auth. sig." was signed in a representative capacity and thus defendant was not personally liable); CrestMechanical Contractors v. Colli, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 528562, (March 2, 1994, Mulcahy, J.) (9CSCR 289, 289-290) (signature unambiguously shows that it was made on behalf of the corporation were the vice president signed in his corporate capacity and indicated that he was signing "for" the principal).
By contrast, an officer who signs as a guarantor for a CT Page 7471 corporation and appends his title after his signature may still be found to be liable personally on the guaranty. In re Tikijian,76 B.R. 304, 316 (S.D.N.Y. 1987), the court found the respondent president and sole shareholder of a corporation (M.J. Williams Corp. ) personally liable on three guaranty agreements he executed for the corporation. The respondent argued that the addition of his corporate title after his name eliminated any personal liability on the guarantees. Id., 315. In reaching its conclusion that the guarantees were personal to the respondent, the court analyzed the signatures in light of the totality of the circumstances surrounding the signing of the guarantees and concluded "that the mere fact the [respondent] signed the guaranty in a form which [appeared] to obligate only a business entity of which the [respondent was] an officer, [did] not exclude the personal liability of the [respondent] if the body of the writing [indicated] that the [respondent] was personally guaranteeing the principal obligation. When it is not clear whether the defendant signed the instrument in a representative capacity or with the intention of being personally bound, parol evidence is admissible to explain the ambiguity." Id., 317, citing 38 Am.Jr.2d 1026, Guaranty, § 27. The court found that the language of the guarantees was express and clear in stating affirmatively that the respondent would guaranty the obligations of the borrower. "Tikijian (respondent) — as guarantor — will guarantee all of the obligations of the borrower Williams." In re Tikijian, supra, 76 B.R. 317. The court reasoned that the respondent knew or ought to have known that the petitioner-banks intended to bind him personally from the contract language itself as well as the negotiations leading the contracts. Id. The court concluded that the addition of his title was simply descriptio personae: "Ordinarily the mere fact that a person adds to his signature a word such as `agent,' `manager,' treasurer,' or the like, without stating that he is contracting of another, is not regarded as preventing a personal obligation from attaching to the signer; such words are deemed not to change the character or capacity of the person signing, but to be merely descriptive of him, or, to use the legal term, descriptiopersonae." Id. See also Restatement (Second), Agency, § 156, p. 372 (Main Vol. 1957); accord Williston on Contracts (3rd Ed. 1957) § 299, pp. 393-94.
In Ricker v. B-W Acceptance Corp. , 349 F.2d 892, 895 (10th Cir. 1965) the Court of Appeals found that the language of a guaranty agreement manifested a clear intent to bind the corporate personally and thus, the addition of "Pres." following CT Page 7472 his signature was only descriptio personae. In reaching its conclusion, the court looked to (1) contract language which distinguished "the undersigned" guarantor from contracting parties; and to (2) the illogical result that would occur if the corporation, a party to the underlying contract, were to be its own guarantor "[t]he guarantee of such performance by [the corporation], by the written guaranty, would add nothing to its existing obligations as a party to [the underlying contract] and would serve no purpose." Id. See also Dann v. Team Bank,788 S.W.2d 182. 184 (Tex.App. 1990) ("[A] written collateral undertaking given to secure a corporate debt will be rendered meaningless if the primary debtor is found to be the sole party liable thereunder. . . . To circumvent this result, the corporate designations appearing after signatures on documents of this type are considered to be only descriptio personae.") (citation omitted.); Kordick v. Merchant's Nat'l Bank Trust Co.,496 N.E.2d 119, 124 (Ind.App. 1986) (finding that it would be meaningless for the corporation to guarantee its own debt because it would add nothing to the existing obligations). For example, in American Petrofina Co. v. Bryan, 519 S.W.2d 484, 487
(Tex.App. 1975), the court found that parol evidence was not admissible to show that the president and the secretary of a corporation signed a guaranty to the corporation in their personal capacities as (1) the nature of the obligation undertaken by the parties was clearly evident from the language of the instrument, a collateral undertaking to secure the debt of the corporation; and as (2) the corporation was already liable on the account, to hold it liable under the terms of the guaranty, would be to hold that the guaranty was meaningless.
In Roy v. Davidson Equipment, Inc., 423 So.2d 496, 497
(Fla.App. 1982), the court held that a corporate officer's signature with title, through standing alone would appear to be the classic example of a corporate officer signing in a representative capacity, was nonetheless personally liable for the corporation's indebtedness. In so holding, the court reasoned that the guaranty's language negated the signature as having been made in a representative capacity: "the guaranty was the joint and several obligation of the undersigned, which obligation was not to be affected by the discharge or release of indebtedness, liability or obligation of [the corporation], an obvious paradox if the [corporation] were the guarantor." (Ellipses omitted; emphasis in original; internal quotation marks omitted.) See alsoRockwell Int'l Corp. v. Riddick, 633 F. Sup. 276, 280 (N.D. Ga. 1986) (provisions in the guaranty that differentiate between the CT Page 7473 guarantor and the borrower negate the contention that the signator signed in this representative capacity).
Savino is found personally liable on the guaranty executed on behalf of Adverso as said guaranty was executed by Savino in his individual capacity. The relevant contract language provides in pertinent part, as follows: "The undersigned personally guarantee . . . all indebtedness incurred on the aforesaid account . . . Notice of . . . any right to demand that the [creditor] proceed against the principal debtor is hereby waived . . . The undersigned signs this agreement and binds the foregoing business to terms in the Credit Application and the individuals signing below as to the terms of the guaranty. . ." (Exhibit D). Savino's personal liability is evident from the contract language itself; In re Tikijian, supra, 76 B.R. 317; as said language clearly declares its intent to bind the "foregoing business to the terms of the credit application" while binding the "individuals signing below . . . to the terms of the guaranty." The contract language clearly distinguishes "the undersigned" from the "principal debtor" and thus indicates that the undersigned is not the corporation (the principal debtor). See Rockwell Int'l Corp. v. Riddick, supra, 633 F. Sup. 280
(provisions in the guaranty that differentiate between the guarantor; and the borrower negate the contention that the signator signed in his representative capacity). In addition, the nature of the instrument necessitates Savino's being found personally liable, notwithstanding his addition of his corporate title to his signature. A guaranty agreement, a "written collateral undertaking given to secure [the debt of another, would] be rendered meaningless if the primary debtor [were] found to be the sole party liable thereunder." Dann v. Team Bank,supra, 788 S.W.2d 184.
The court finds the issues for the plaintiff and the plaintiff may recover the amount of $7,620.99 and attorney's fees $1,142.15 and costs.
BURNS, J.