[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Mary Ann Blount[1] instituted this proceeding against Odili Technologies (Odili) and Austin Ekeinde. An amended complaint (complaint) dated March 16, 1999, set forth five counts against each defendant, including discrimination pursuant to § 17a-549 of the General Statutes, unlawful retaliation pursuant to 42 U.S.C. § 12203
(a), breach of contract, unjust enrichment, and wage violation. The defendants have filed a motion to strike all five counts against them.[2]
The complaint contains the following allegations. The CT Page 15356 plaintiff began working for Odili in an accounting capacity, with Ekeinde as her direct supervisor on May 2, 1995, and remained there until she was terminated on or about November 6, 1995. Ekeinde verbally offered the plaintiff the position of controller with Odili on September 15, 1995, which she accepted on September 17, 1995. Subsequently to the effects of anxiety and depression, she was hospitalized at a psychiatric institution from October 22-26, 1995. She informed Ekeinde of her hospitalization on or about October 27, 1995, and when she attempted to return to work on November 6, 1995, she found that her office door was locked and her key was useless. She contacted Ekeinde and was informed by him that she had been terminated from her position with Odili, and the offer of employment as controller was rescinded. The plaintiff alleges that the termination and recision were a direct reaction to her having been hospitalized, in violation of the cited statute § 17a-549.
Once the plaintiff's employment relationship with Odili and Ekeinde had been severed, Odili was billed by the plaintiff's husband's accounting firm (the firm) for services rendered by the plaintiff before her termination, as well as his own services provided to Odili as its corporate accountant.[3] Odili and the firm made payment arrangements for the sum due and owing to the firm. This arrangement called for Odili to pay an unspecified monthly sum on the 25th day of each month until the amount of $40,095 was paid in full. Odili made payments monthly from May through August of 1996, at which time payments ceased.[4] A balance of $16,140 is allegedly left due and owing to the firm.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270 (1998). For the purposes of a motion to strike, the moving party admits all facts well pleaded.RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825 (1996).
The motion to strike count one is grounded upon the premise that (1) § 17a-549 is preempted by the Connecticut Fair Employment Practices Act (CFEPA); General Statutes § 46a-51 of the General Statutes et seq.; and (2) that the claim is not CT Page 15357 properly alleged as to Ekeinde individually. Odili and Ekeinde first argued that CFEPA is controlling when a claim alleging employment discrimination is brought under § 17a-549. Therefore, the defendants contend, count one is not legally viable as the CFEPA requires the plaintiff to pursue specific administrative remedies before seeking redress from the court.
The plaintiff specifically alleges that she has not obtained a release to sue the defendants from the Commission on Human Rights and Opportunities (CHRO). She argues, however, that because she has filed a claim pursuant to § 17a-549 and not under the CFEPA, she is under no obligation to pursue and exhaust administrative remedies as a prerequisite to bringing the present claim.
The question here is essentially whether or not she was required to file her claim with the CHRO alleging a violation of § 46a-60, or whether it was proper to file her claim in court alleging a violation of § 17a-549. Both statutes address the issue of the employment rights of employees with a present or past history of mental disorders.
The requirements of the CFEPA are not applicable to §17a-549. To date, the only case that addresses this issue specifically is Bergeson v. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 034516 (October 17, 1988, Noren, J.). In that case, the plaintiff filed a claim with the CHRO pursuant to § 46a-82 alleging a violation of § 46a-60 (a)(1). The CHRO dismissed her complaint for lack of sufficient evidence, and the plaintiff appealed to the Superior Court. The plaintiff subsequently filed an original claim in Superior Court pursuant to § 17-206k (now § 17a-550) alleging a violation of § 17-206j (now § 17a-549), and withdrew her administrative appeal. The defendant thereafter filed a motion to dismiss the plaintiff's claim, arguing that the plaintiff's only remedy for employment discrimination was administrative under §46a-60. The court disagreed that the CHRO has exclusive jurisdiction over the issue of employment discrimination based on a mental disorder, holding that § 17-206k expressly and specifically provides for a civil action in Superior Court. Thus, the court denied the motion to dismiss.
The facts in Bergeson v. Day Kimball Hospital, supra, are wholly analogous to the case at bar, and this court also finds that jurisdiction over claims for employment discrimination based CT Page 15358 on a mental disorder does not rest exclusively with the CHRO. The plaintiff had a choice as to the statute under which to pursue her claim of discrimination. There is no indication that this choice was legally improper, however undesirable it might be.
Moreover, in Sullivan v. Board of Police Commissioners,196 Conn. 208, 216 (1985), the court held that "the CFEPA . . . vests first-order administrative oversight and enforcement of [rights defined by the CFEPA] in the CHRO." Because the plaintiff herein is not seeking to assert rights provided or defined by the CFEPA, but by § 17a-549, first-order administrative oversight and enforcement of rights conferred by § 17a-549 does not vest in the CHRO. Accordingly, the motion to strike count one as to Odili is denied.
The defendants further argue, as to Ekeinde individually, that there is no tenable cause of action because Ekeinde was at all times acting in his capacity as president of Odili and not as an individual. The plaintiff contends in opposition that (1) the § 17a-549, by its precise language, does provide for liability against individuals; and (2) the defendants' argument relies on facts outside the scope of the complaint and therefore cannot be considered in this motion to strike. Whether § 17a-549 provides for a cause of action against an individual is an issue of first impression in Connecticut.
Section 17a-549 (b) provides that "[t]he burden shall be on the person or agency denying any such right to prove that the person so denied is not suitable solely because of his present or past history of mental disorder." "Courts cannot, by construction, read into statutes provisions which are not clearly stated." (Internal quotation marks omitted.) Glastonbury Co. v.Gillies, 209 Conn. 175, 179 (1988). If the words are unambiguous, "it is assumed that the words themselves express the intent of the legislature, and there is no need to construe the statute."Glastonbury Co. v. Gillies, supra, 180.
The plaintiff places emphasis on the word "person" in §17a-549 (b), arguing that this express language specifically provides for a right of action against individuals. There is limited case law which addresses an issue similar to the instant action. The court in Bradley v. Central Naugatuck Valley Help,Inc., Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, Vertefeuille, J.) (19 Conn. L. Rptr. 34), addressed the issue of whether there is an individual cause CT Page 15359 of action under § 17a-550 for state employees. That case looked to the statute for guidance and found that individual liability could only be found where state employees' actions were "wanton, reckless or malicious." General Statutes § 4-165; Bradley v.Central Naugatuck Valley Help, Inc., supra, 19 Conn. L. Rptr. 34. Although Bradley is distinguishable from the case at bar in that Ekeinde is not a state employee and there are not any issues of sovereign immunity, this court must also look to the statute at issue for guidance.
This court finds the plaintiff's argument to be persuasive, in that § 17a-549 uses specific language that makes individuals as well as agencies liable for violations. Therefore, the motion to strike count one against Ekeinde is denied.
The motion to strike count two asserts that (1) that plaintiff has not alleged that she was an employee of the defendant Odili, nor that Odili was an employer; and (2) the plaintiff has failed to adequately allege that she exhausted her administrative remedies as to this count. The defendants argue that claims filed under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., require administrative exhaustion through the Equal Employment Opportunity Commission (EEOC) or a similar state agency, such as the CHRO in Connecticut, before the plaintiff can file a claim in court. The plaintiff contends she was not required to exhaust administrative remedies prior to filing her complaint in court because: (1) the CHRO never had exclusive jurisdiction over the administrative complaint the plaintiff originally filed (and then withdrew), thereby eliminating the problem of whether jurisdiction was ever conferred onto the EEOC; and (2) even if the EEOC never actually had jurisdiction she still had a right to file the claim for the first time in federal court.[5]
The court agrees with the defendants that the plaintiff has failed to exhaust her administrative remedies.[6] Although the specific issue of administrative exhaustion for claims under the ADA has not been adjudicated in this state's courts, at the federal level it is a well settled principle of law that before suit can be brought under the ADA, the administrative remedies available through the EEOC must be fully exhausted before the courts obtain subject matter jurisdiction and a suit can be filed. See, e.g., Johnson v. General Electric, 840 F.2d 132 (1st Cir. 1988); Foster v. Wyrick, 823 F.2d 218 (8th Cir. 1987); Blankv. Donovan, 780 F.2d 808 (9th Cir. 1986); see also 42 U.S.C. § 2000e-5
CT Page 15360 (e)(1); 42 U.S.C. § 12117 (a); DiLaura v. PowerAuthority of State of New York, 982 F.2d 73 (2d Cir. 1992); Fortsv. Ward, 621 F.2d 1210, 1215 (2d Cir. 1980). "The administrative requirements applicable to employment discrimination actions brought under ADA Title I may not be bypassed by proceeding directly to the District Court, nor may the administrative process be cut short prior to its final disposition." 2 Americans With Disabilities — Practice and Compliance Manual (G. Bounds Ed., 1995) § 7:351, p. 347. Further "[u]nder [Connecticut's] exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citations omitted.) Drummv. Brown, 245 Conn. 657, 676 (1998).
The plaintiff's argument addressing administrative exhaustion mistakenly concentrates on which agency, the CHRO or the EEOC, has exclusive jurisdiction over this matter. Regardless of whether the CHRO or the EEOC has exclusive jurisdiction, the plaintiff did not exhaust her administrative remedy with either agency as required by Title I of the ADA. 42 U.S.C. § 2000e-5 (e) (1); 42 U.S.C. § 12117 (a).
The plaintiff also attempts to persuade the court with the holding in Borase v. M/A-Com, Inc., 906 F. Sup. 65 (D. Mass. 1995), in support of her position that she has the right to go straight to court with her retaliation claim and bypass any administrative proceeding completely.[7] This court is not persuaded, as the court in Borase v. M/A-Com, Inc., supra, and the cases cited by Borase v. M/A-Com, Inc., all assume that the complaint filed with the administrative agency was actively being pursued, and not withdrawn, as the plaintiff herein did. The plaintiff's complaint was never "filed" with the EEOC, as a charge is not considered filed until the state agency decides to either waive its rights to initial processing or the 60-day deferral period expires. See EEOC v. Commercial Office ProductsCo., 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Because the plaintiff withdrew her complaint and failed to allow jurisdiction to vest with the EEOC, there was no underlying complaint to which the retaliation claim could be linked. Therefore, because the plaintiff failed to exhaust her administrative remedies, and because this retaliation claim is not connected to a valid discrimination claim which would allow CT Page 15361 the plaintiff to bypass the administrative requirements, the motion to strike count two is granted.
The motion to strike count three as to Ekeinde individually on the theory that the plaintiff has not alleged any facts supporting her legal conclusion that Ekeinde acted in anything other than an official capacity and in the scope of his employment as president of the defendant Odili. The defendants argue that he was not acting as an individual, but as a corporate officer. The plaintiff alleges in her complaint that Ekeinde was acting both individually and in his capacity as president of Odili, and further argues in her opposition motion that because Ekeinde contracted in his own name, without declaring that he was acting in a representative capacity for Odili, he is personally liable for breach of the payment contract. The court agrees with the defendants.
In this state, a corporate officer can bind the corporation to a contract without also binding himself where he, acting within his corporate authority, signs the contract so as to unambiguously indicate that he is signing in his corporate capacity. See L W Supply Corp. v. Adverso ConstructionManagers, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 397098 (June 25, 1998, Burns, J.) (22 Conn. L. Rptr. 256); Rent-A-Tool Equipment Corp. v. Perna, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135364 (August 8, 1996, Lewis, J.); Crest MechanicalContractors v. Colli, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 528562, (March 2, 1994, Mulcahy, J.) (9 C.S.C.R. 289, 289-290).
Allegations contained in a complaint are taken as true for purposes of a motion to strike. See RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 384. The plaintiff herein has alleged that "Odili and Ekeinde, acting both individually and in capacity as an agent for defendant Odili, breached that contract. . . ." (Complaint, ¶ 42.) The plaintiff has not, however, alleged additional facts that support this conclusory allegation. She relies on cases that stand for the proposition that, absent specific disclosure that a party is contracting in a representative capacity, such party is personally liable.[8]
Those cases deal with the issue of knowledge — specifically, whether one party to a contract knew that the other party was contracting in a corporate capacity and not an individual one. The plaintiff herein nowhere alleges that she did CT Page 15362 not have full knowledge of Ekeinde's position as Odili's president. The plaintiff also does not allege that she did not know Ekeinde was contracting in his capacity as president.
Notwithstanding the legal conclusions drawn by plaintiff in her complaint under count four, the factual allegations, even taken as true, fail to establish that Ekeinde contracted as an individual and not in his capacity as an agent for Odili. Therefore, the motion to strike count three, insofar as it is directed against Ekeinde, is granted.
The attack on count four argues that by alleging that there is an express contract covering the same subject matter, the plaintiff has undermined her equitable relief claim. The defendants argue that because the plaintiff is already seeking redress for the unpaid balance allegedly due to her under an express contract claim in count three of her complaint, she cannot also seek recovery under the theory of unjust enrichment. The plaintiff argues, however, that she is entitled to bring a claim for unjust enrichment notwithstanding the fact that she has alleged an express contract claim based on the same alleged wrong because she is allowed to advance alternative and even inconsistent claims against the defendant.
Claims of breach of an express contract and those of unjust enrichment based on a quasi-contract are allowable in one complaint as alternative theories of recovery. Dreier v. UpjohnCo., 196 Conn. 242, 245 (1985); Fuessenich v. DiNardo,195 Conn. 144, 151 (1985). It is entirely possible that the plaintiff will not be able to recover under her breach of contract claim against the defendant, and this court will not eliminate her options should that occur. The motion to strike count four is therefore denied.
Finally, with respect to count five, the defendants' claim that (1) the plaintiff has not adequately alleged an employer/employee relationship; and (2) the alleged agreement reached between Odili and the plaintiff's husband takes the claim for the plaintiff's services outside the scope of § 31-71 (b). The defendants argue that the plaintiff was never an employee of either one of the defendants, and any money that is owed by Odili or Ekeinde is owed to the plaintiff's husband's accounting firm and not to the plaintiff as wages. The plaintiff argues that she has sufficiently alleged facts which, if proven, will demonstrate that she was in fact an employee of Odili and/or Ekeinde. CT Page 15363 Further, the plaintiff contends that the defendants were her employers, and that the remaining balance of compensation allegedly owed by the defendants qualifies as wages under the statute.
Section 31-71 (a) of the General Statutes defines an employer as "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof." Employee is defined as "any person suffered or permitted to work by an employer." Section31-71a (2). Wages are defined, in relevant part, as "compensation for labor or services rendered by an employee" Section 31-71a
(3).
The court agrees with the plaintiff's interpretation. Given the definitions for the purposes of this motion to strike, the plaintiff has alleged sufficiently that she was an employee, the defendants were her employers, and the money owed to her by defendants falls properly within the definition of wages. The plaintiff may therefore properly seek redress pursuant to §31-72.
Some confusion on the part of the defendants may have arisen. The court notes that the plaintiff cited "§ 31-71 (b)" as the specific statute the defendants violated, and "§ 31-71 (b)" was also the section on which the defendants base their argument as to count five. There is no "§ 31-71 (b)" in the General Statutes. The defendants assumed that the plaintiff meant "§ 31-71b," however, the plaintiff quotes selected language from § 31-71c
(b). "[T]he proper way to cure any confusion [regarding the complaint] is to file a [request] to revise, not a motion to strike. . . ." Rowe v. Godou, 209 Conn. 273, 279 (1988). Section31-72 specifically incorporates sections 31-71a to 31-71i
inclusively; (2) the facts alleged by the plaintiff sufficiently support a cause of action under § 31-71c (b); and (3) the defendants were not without notice of those allegations, the plaintiff will be allowed to bring a claim for state wage violations. The defendants' motion to strike count five is denied.
In summary, as to both defendants, the motion to strike is denied for counts one, four and five, and granted as to count two CT Page 15364 and three, insofar as it is directed against Ekeinde.
Moraghan, J.