763 So.2d 508 (2000)
ROBERT C. MALT & CO., Appellant,
v.
CARPET WORLD DISTRIBUTORS, INC., Richard Susco and Gerald Martin, Appellees.
No. 4D99-1842.
District Court of Appeal of Florida, Fourth District.
July 19, 2000.
*509 Richard S. Tolbert, West Palm Beach, for appellant.
Ronald E. Crescenzo, W. Jay Hunston, Jr., and Richard. R. Chaves of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for Appellee-Richard Susco.
PER CURIAM.
Appellant Robert C. Malt & Co. ("the Plaintiff") filed suit against Carpet World Distributors, Richard Susco, and Gerald A. Martin. This appeal concerns the trial court's dismissal of the Plaintiff's third-amended complaint as to Susco. Finding that the trial court erred in dismissing the Plaintiffs complaint, we reverse and remand for further proceedings.
According to the Plaintiffs third-amended complaint, the Plaintiff and Carpet World executed a commercial lease. The complaint alleged that under an addendum to the lease, Susco would serve as a personal guaranty that Carpet World's net worth would remain above a certain amount. The lease and addendum were made exhibits to the complaint. The Plaintiffs complaint identified the following language in the addendum as the provision creating the personal guaranty:
9. In the event the net worth of [Carpet World] is reduced in excess of ten percent (10%) ... then it is agreed that Richard Susco shall guarantee the shortfall....
Susco signed the lease and addendum in the following manner:
CARPET WORLD DISTRIBUTORS, INC.
 By: /s/ Richard M. Susco Pres.
 Richard M. SuscoPresident
In moving to dismiss the third-amended complaint, Susco's position was that the lease was a contract between the two corporations only and that he was not a party to the lease. Susco argued the statute of frauds prevented the Plaintiff from seeking damages against him individually under either the lease or the addendum because *510 those documents were not signed by Susco in his personal capacity and because nothing in the documents indicated he accepted the role of guarantor. Finding Susco's argument compelling, the trial court granted his motion and dismissed the Plaintiff's third-amended complaint with prejudice.
The Plaintiff now appeals. There is no dispute over whether the condition triggering the guaranty occurred. The only issue is whether as a matter of law the lease provides the Plaintiff with recourse against Susco individually as guarantor.
The statute of frauds provides, in pertinent part, "No action shall be brought ... to discharge the defendant upon any special promise to answer for the debt, default or miscarriage of another person ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith...." § 725.01, Fla. Stat. (1999). Neither party disputes that the language of paragraph nine falls within this portion of section 725.01, thus requiring Susco's signature. The only thing Susco disputes is that Susco's signature as president was insufficient and that another signature in his personal capacity was therefore necessary to enforce the obligations of paragraph nine under the Statute of Frauds. Thus, the dispositive issue in this case is whether Susco's signature on the addendum was sufficient to allow the Plaintiff to enforce the obligations of paragraph nine against Susco in his personal capacity. See § 725.01, Fla. Stat. (1999).
Generally, a signature preceded by the word "by" and accompanied by descriptio personae, that is, language identifying the person signing the document as a corporate officer or something similar, does not create personal liability for the person signing a contract to which he or she is not a specified party. See Delta Air Lines, Inc. v. Wilson, 210 So.2d 761 (Fla. 3d DCA 1968). Personal liability may still be imposed, however, where the contract contains language indicating personal liability or the assumption of personal obligations, despite a signature preceded by a corporate name and the word "by" and followed by descriptio personae. See Onderko v. Advanced Auto Ins., Inc., 477 So.2d 1026 (Fla. 2d DCA 1985); Roy v. Davidson Equip., Inc., 423 So.2d 496 (Fla. 4th DCA 1982); Manufacturers' Leasing, Ltd. v. Florida Dev. & Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976).
In Roy v. Davidson Equipment, Inc., the president of a corporation signed a guaranty agreement with his name and corporate title. See Roy, 423 So.2d at 496. His signature was preceded by "Roy Energy Corporation, Guarantor" and the word "by." See id. The guaranty imposed joint and several liability upon the signor of the contract in the event the corporation defaulted in its rental payments. See id. This Court observed that the "manner in which the guaranty was signed, standing alone and without more, would be the classic example of a corporate officer signing in a representative capacity only." Id. at 496-97. This Court ruled that because the signature was affixed to a guarantee of corporate indebtedness, the guarantee language specifically negatived the signature as having been made in a representative capacity. See id. at 497. To determine otherwise, that the individual was not personally obligated on the guaranty agreement, would render the guaranty agreement meaningless, as it does not make sense for the corporation to guarantee its own debt.
Likewise, here, Susco appears to have signed a writing containing a guaranty provision. Although Susco's signature appears to be in his representative capacity only, that single signature, when considered with the language of paragraph nine, is sufficient to enforce the guaranty provision against him in his personal capacity. See id.; see also § 725.01. It would nullify the specific language of paragraph nine to *511 conclude that the Plaintiff could not, as a matter of law, enforce the obligations of paragraph nine against Susco in his personal capacity. Thus, under the narrow facts of this case, the trial court erred in dismissing the Plaintiff's complaint as to Susco. See Roy, 423 So.2d at 497. We reverse and remand for further proceedings.
REVERSED AND REMANDED.
WARNER, C.J., GUNTHER and STEVENSON, JJ., concur.