988 So.2d 678 (2008)
FAIRWAY MORTGAGE SOLUTIONS, INC., and Fernando Recalde, Appellants,
v.
LOCUST GARDENS, a Florida Limited Partnership, Appellee.
No. 4D07-2613.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
*679 Louis C. Arslanian, Fort Lauderdale, for appellants.
Mimi L. Sall of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Fort Lauderdale, for appellee.
MAY, J.
The corporate tenant and its president appeal an adverse summary judgment in an action for breach of a commercial lease agreement. They argue that the trial court erred in entering a summary judgment and in finding the president as the individual signatory personally liable on a guaranty. We agree in part and reverse in part.
The landlord entered into a five-year shopping center lease with the tenant in May 2003. Fernando Recalde signed the lease on behalf of the tenant, hand-printing the following directly below the signature line: "FERNANDO RECALDE, PRESIDENT." Also below the signature line, closer to the bottom of the page, the following is hand-printed:
* NOTEPERSONAL GUARANTY
THE TENANT SignituRE [sic] ABOVE ALSO indiCATES Acceptance OF PERSONALLY GUARANTEEiNg this LEASE ANd is being FREELY given *680 AS PER SECTION "G" of THiS LEASE.
Recalde initialed each page of the lease, including the signature page.
Article I of the Lease contained: "G. GUARANTOR: FERNANDO RECALDE." The lease then defined guarantor as "any `Person,' as hereinafter defined, who has executed or has agreed to execute any guaranty of Tenant's obligations hereunder."
The lease allowed for the tenant to sublet the premises upon prior written consent of the landlord. However, the lease also provided that the tenant (and guarantor if applicable) would remain jointly and severally liable under the lease.
In March 2006, the tenant contacted a real estate broker, who had earlier served as the landlord's leasing agent. The tenant informed the broker that it was relocating its business and requested assistance in finding a subtenant for the lease. The broker entered into a three-month listing agreement from March 15, 2006, to June 15, 2006, but did not lease the property.
The tenant stopped paying rent, missing the April 2006 and subsequent payments. On August 10, 2006, the landlord filed a three-count complaint for recovery of possession of the leased premises, damages, and breach of guaranty.
The tenant and Recalde raised two affirmative defenses. First, they alleged that Recalde signed the lease "solely as the president of the corporate tenant . . . and not individually as guarantor." In his affidavit in opposition to the motion for summary judgment, Recalde specifically attested that the hand-written notation below his signature acknowledging him as guarantor was added after he signed the lease and without his knowledge or consent.
Second, the tenant and Recalde alleged that the landlord had failed to mitigate damages. They alleged that several prospective tenants had been introduced to the broker, but the broker had shown and rented other parcels owned by the landlord and not the property in question. These allegations were supported by a sworn affidavit, executed by Recalde on behalf of the tenant.
The parties stipulated to entry of judgment on Count I for recovery of the premises. Subsequently, the landlord entered into a five-year lease on behalf of the tenant for 1,460 square feet of the 2,560 square foot leased premises.
The trial court entered final summary judgment for the landlord on the remaining counts. The trial court found Recalde personally liable as the guarantor of the tenant. In reaching that finding, the court expressly held that the handwritten language found below Recalde's signature did not create a genuine issue of material fact. The court found both the tenant and Recalde jointly and severally liable for, among other damages, the unpaid rent for the balance of the lease term, less the rent received from and to be paid by the new tenant.
The tenant and Recalde argue on appeal that the trial court erred in entering summary judgment where genuine issues of material fact remained. First, they argue the court improperly weighed the evidence on the mitigation of damages defense; and second, the trial court erred in finding Recalde personally liable on the guaranty. We agree that genuine issues of material fact existed on the personal guaranty thereby precluding the entry of summary judgment as to Recalde.
"The standard of review of the entry of summary judgment is de novo." Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, *681 479 (Fla. 4th DCA 2006). "The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Id. at 479-80.
We find no merit in the argument that a genuine issue of material fact existed concerning the mitigation of damages defense. At the time the tenant entered into the listing agreement with the landlord's leasing agent, the landlord had no duty to mitigate or relet the property. Far from having yet abandoned, breached, or renounced the lease, the tenant claimed that it was planning a future relocation, for which it enlisted the services of the broker.
The landlord's duty to exert a reasonable effort to mitigate did not arise until it retook the property. See Coast Fed. S & L Ass'n v. DeLoach, 376 So.2d 1190, 1190-91 (Fla. 2d DCA 1979). This did not occur until August. Thus, the alleged failure of the broker to locate subtenants for the tenant is irrelevant to the landlord's duty to mitigate.
After opting to retake the property on the tenants' behalf in August, the landlord sought and obtained a replacement tenant by November. The tenant's evidence in opposition to the motion for summary judgment on this issue consisted only of allegations that the broker exerted less than enthusiastic efforts to secure a subtenant. The court did not therefore err in finding no genuine issue of fact on the mitigation defense. See, e.g., Vibrant Video, Inc. v. Dixie Pointe Assocs., 567 So.2d 1003, 1004 (Fla. 3d DCA 1990).
However, while the interpretation of a guaranty provision is a question of law, Recalde did raise genuine issues of material fact concerning the personal guaranty. Cf. Lab. Corp. of Am. v. McKown, 829 So.2d 311, 313 (Fla. 5th DCA 2002).
A "signature preceded by the word `by' and accompanied by descriptio personae, that is, language identifying the person signing the document as a corporate officer or something similar, does not create personal liability for the person signing a contract to which he or she is not a specified party," unless "the contract contains language indicating personal liability or the assumption of personal obligations." Robert C. Malt & Co. v. Carpet World Distribs., Inc., 763 So.2d 508, 510-11 (Fla. 4th DCA 2000).
Here, the language of the agreement itself contemplates the execution of a separate guaranty. It specifically defines a guarantor as: "any `Person,' as hereinafter defined, who has executed or has agreed to execute any guaranty of Tenant's obligations hereunder." (Emphasis added). Yet, nowhere in the lease or in any attending documents are the terms and conditions of the guaranty defined or executed by Recalde. In fact, Recalde filed an affidavit indicating that the hand-written language below his signature acknowledging him as guarantor was added after he signed the agreement and without his knowledge. The validity of this language and the scope of the guaranty created genuine issues of material fact precluding the entry of a summary judgment as to Recalde on the personal guaranty.
We therefore affirm the summary judgment as to the tenant, but reverse the summary judgment as to Recalde on the issue of the personal guaranty.
Affirmed in part, reversed in part and remanded.
STEVENSON and GROSS, JJ., concur.