# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 147

Frontier Fiscal Services, LLC,                                            Plaintiff and Appellee

v.

Pinky's Aggregates, Inc.,
and Dale Honsey,                                                    Defendants and Appellants

No. 20180329

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Trevor A. Hunter (argued) and Lisa M. Six (on brief), Williston, ND, for plaintiff and appellee.

Matthew D. Kirschenmann (argued) and Michael T. Andrews (on brief), Fargo, ND, for defendants and appellants.

**McEvers, Justice.**

[¶1]    Pinky's Aggregates, Inc., and its president, Dale Honsey, appeal from a judgment awarding Frontier Fiscal Services, LLC, $526,253.12 in its action for breach of contract and to collect on a personal guaranty.  Because Pinky's and Honsey failed to raise a genuine issue of material fact to preclude summary judgment, we affirm.


I

[¶2]    Honsey is the president and owner of Pinky's, which is in the business of providing sand, gravel, and other aggregate and excavation and hauling services.  In 2016 the Department of Transportation contracted with Baranko Brothers, Inc., which subcontracted with Pinky's to supply material and labor for a construction project.  Pinky's entered into at least 16 hauling agreements with sub-subcontractors to transport gravel and aggregate for the project.  Many of the sub-subcontractors assigned their accounts receivable under the hauling agreements to Frontier, which provides invoice factoring services, purchasing receivables at a discount in exchange for an immediate cash payment.  Pinky's received notice of the assignments and made payments to Frontier for the sub-subcontractors' invoices.

[¶3]    Pinky's eventually fell behind on its payments to Frontier, and Frontier in turn ceased factoring for the sub-subcontractors.  The sub-subcontractors refused to do any more work for Pinky's unless Frontier resumed factoring services for them.  The situation resulted in Honsey signing a personal guaranty with Frontier as "an Individual & President of Pinky's."

[¶4]    After Pinky's failed to pay Frontier in full, Frontier brought a breach of contract action against Pinky's and sought to collect on the personal guaranty signed by Honsey.  The district court granted Frontier's motions for summary judgment

against Pinky's and Honsey and held them jointly and severally liable for $526,253.12.

II

[¶5] Pinky's and Honsey argue genuine issues of material fact precluded the district court from granting summary judgment against them.

[¶6] The standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Becker v. Burleigh Cty.*, 2019 ND 68, ¶ 7, 924 N.W.2d 393 (quoting *Dahms v. Nodak Mut. Ins. Co.*, 2018 ND 263, ¶ 6, 920 N.W.2d 293).

A

[¶7] Pinky's argues because an assignee receives no greater rights than the assignor, *see Collection Ctr., Inc. v. Bydal*, 2011 ND 63, ¶ 15, 795 N.W.2d 667, Frontier had the burden to establish that the sub-subcontractors complied with their various hauling contracts. Pinky's does not claim any of the sub-subcontractors failed to comply with

2

the hauling contracts. Rather, Pinky's argues that Frontier failed to present evidence that the sub-subcontractors timely and correctly completed paperwork, that they raised their dispute about nonpayment in a timely fashion, that they maintained proper hauling records, and that Pinky's consented to the assignments.

[¶8] Pinky's' argument is without merit. Frontier presented the following deposition testimony of Honsey:

> Q. So then a follow-up question to that would be, you do believe that Pinky's owes monies to Frontier Fiscal for the factoring we've been talking about?
> A. Absolutely. . . . I mean, I owe the money; Pinky's owes the money, I'm not disputing that whatsoever.
> Q. So the only—okay. So you're not contesting any assertion made against Pinky's in the complaint by Frontier in this matter?
> A. No.
> Q. You're not contesting any claims made by Pinky's—or excuse me—made by Frontier in the complaint in this matter?
> A. Huh–uh.
> . . . .
> Q. . . . . Certain notices of assignment were filed in this action listing the assignment of certain debts of these leased truckers to Frontier. You've seen those notices of assignment; right?
> A. Right.
> Q. And you believe they're valid?
> A. Yes.
> Q. And you don't have any reason to believe they're invalid or—
> A. No.
> Q. So you would agree with me that the money that was meant for the subcontractors that Pinky's owed to those subcontractors following the notice of assignment was due Frontier; is that fair?
> A. Right.
> Q. And those subcontractors actually did work for Pinky's; right?
> A. Right.
> Q. And were they entitled to be paid for that work?
> A. Yes.
> Q. Did they get paid in full for that work?
> A. No.
> Q. Has Pinky's paid Frontier in full?
> A. No.

3

. . . .

> Q. Do you believe Pinky's has any reason why that money is not owed to Frontier Fiscal today?
>
> A. None, whatsoever.
>
> Q. And just to confirm, you don't have any documents showing otherwise; right?
>
> A. No.
>
> Q. And you don't have any documents showing that Pinky's paid Frontier in full for the amounts we just discussed?
>
> A. No.

[¶9] It is undisputed that Pinky's did not complain about the work performed under the hauling contracts, the paperwork, timeliness of disputes about nonpayment or the hauling records. Honsey admitted in a deposition that Pinky's owes the money under the hauling contracts to Frontier, that he had seen the assignments, and that the assignments were valid. Honsey's testimony establishes that Pinky's consented to the assignments. Honsey signed the hauling agreements as president of Pinky's and is presumed to have knowledge of their contents. *See Hendricks Prop. Mgmt. Corp. v. Birchwood Props. Ltd. P'ship*, 2007 ND 181, ¶ 23, 741 N.W.2d 461. The burden of proof ordinarily rests with the party who possesses the facts on the issue in dispute. *Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC*, 2016 ND 176, ¶ 17, 883 N.W.2d 917. Summary judgment is appropriate when a party fails to establish the existence of a factual dispute on an essential element of a claim on which the party will bear the burden of proof at trial. *Baker Boyer Nat. Bank v. JPF Enters., LLC*, 2019 ND 76, ¶ 10, 924 N.W.2d 381. Pinky's offered no evidence to establish noncompliance with the hauling contracts.

[¶10] We conclude there are no genuine issues of material fact precluding summary judgment against Pinky's.

B

[¶11]   Pinky's and Honsey raise numerous issues regarding validity of the personal guaranty.

[¶12]   Honsey argues the guaranty is ambiguous because it is unclear whether Honsey signed on behalf of Pinky's or in his individual capacity.  The guaranty, which was signed by Honsey "[a]s an Individual & President of Pinky's," provides in relevant part:

> I, Dale Honsey as Pinky's Aggregate's (Pinky's) Owner & President do personally guarantee the prompt, full and complete performance of the terms of this agreement and any Pinky's Payable to Frontier Fiscal Services, LLC (Frontier).
>
> I, Dale Honsey personally guarantee that Seven Hundred and Ninty [sic] Thousand dollars ($790,000.00) from the funds resulting from a One Million Dollar loan that is currently being submitted to committee for approval at the Rollette State Bank will be paid within one business day of loan funding (via wire) to Frontier. The entire $790,000.00 are to be applied by Frontier against the oldest invoices owed to Frontier by Pinky's.
>
> I, Dale Honsey agree not to pledge, hypothecate, mortgage, sell or otherwise transfer any of Pinky's's pledged assets that are these Frontier receivables without written consent of Frontier; . . . .
>
> Pinky's and I, Dale Honsey represent that at the time of the execution and delivery of this Guarantee nothing exists to impair the effectiveness of this Guarantee[.]

Because Honsey testified in his deposition that he believed he signed the guaranty as president of Pinky's rather than in his individual capacity, Honsey argues the guaranty is ambiguous and there is a genuine issue of material fact precluding summary judgment.

[¶13]   Section 22-01-01(2), N.D.C.C., defines a "guaranty" as "a promise to answer for the debt, default, or miscarriage of *another person*."  (Emphasis added.)  Since entities and persons are unable to guarantee their own debts, courts will not construe guaranties signed in both a representative and individual capacity as constituting a guaranty by the entity involved because to do so would render the guaranty a nullity. *See, e.g., Nat. Fitness Ctr., Inc. v. Atlanta Fitness, Inc.*, 902 F. Supp. 2d 1098, 1106

5

(E.D. Tenn. 2012); *Ubom v. SunTrust Bank*, 17 A.3d 168, 174-75 (Md. Ct. App. 2011); *780 L.L.C. v. DiPrima*, 611 N.W.2d 637, 645-46 (Neb. Ct. App. 2000); 38 Am. Jur. 2d *Guaranty* § 19 (2010).  As the court explained in *Lab. Corp. of Am. v. McKown*, 829 So.2d 311, 313-14 (Fla. Dist. Ct. App. 2002):

> Simply because the letter was written on corporate stationery and the designation "President" appears over McKown's signature does not necessitate a finding that the guarantee is ambiguous.  Florida courts have consistently adhered to the general rule that an individual who executes a guarantee as officer of a corporation by inserting his or her corporate title after their name on the document cannot defeat the purpose of the guarantee when, by its terms, the document contains provisions for individual liability.  *See Robert C. Malt & Co. v. Carpet World Distribs., Inc.*, 763 So.2d 508, 510 (Fla. 4th DCA 2000) (stating that personal liability may be imposed "where the contract contains language indicating personal liability or the assumption of personal obligations, despite a signature preceded by a corporate name and the word 'by' and followed by *descriptio personae*.") (citation omitted); *Nelson v. Ameriquest Techs., Inc.*, 739 So.2d 161 (Fla. 3rd DCA 1999); *Summit Consulting, Inc. v. J.J. Walsh Constr., Inc.*, 568 So.2d 1290 (Fla.App.2d Dist.1990); *Central Nat'l Bank of Miami v. Muskat Corp. of Am., Inc.*, 430 So.2d 957 (Fla. 3rd DCA 1983); see also *Sabin v. Lowe's of Florida, Inc.*, 404 So.2d 772, 773 (Fla. 5th DCA 1981) ("The fact that he signed it 'as president' should not alter the plain and obvious meaning and intent expressed in the document.").  The reason for the general rule is that "[t]o interpret the guaranty as being a corporate guaranty because the word president was added to [the] signature would result in the guaranty being meaningless and add nothing to the existing obligation of the corporation."  *Summit*, 568 So.2d at 1292 (citing *Muskat Corp. Inc.*; *Roy v. Davidson Equip., Inc.*, 423 So.2d 496 (Fla. 4th DCA 1982)).

[¶14]  Here, the guaranty provides "I, Dale Honsey personally guarantee that . . . $790,000.00 . . . will be paid . . . to Frontier . . . to be applied by Frontier against the oldest invoices owed to Frontier by Pinky's."  The guaranty is not ambiguous.  As a matter of law, Honsey personally guaranteed Pinky's' debt notwithstanding that he also signed the document as president of the corporation.

[¶15]  Honsey argues a clause in the guaranty waiving legal defenses is void under N.D.C.C. § 9-08-05, which provides:

> Every stipulation or condition in a contract by which any party thereto is restricted from enforcing that party's rights under the contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which that party thus may enforce that party's rights is void, except as otherwise specifically permitted by the laws of this state.

Honsey also argues the clause requiring payment of Frontier's attorney fees is void under N.D.C.C. § 28-26-04, which bars provisions for attorney fees in certain agreements as against public policy. There are two problems with Honsey's arguments. First, neither clause was applied in this case. The district court addressed Honsey's legal defenses in its lengthy order granting summary judgment and did not award Frontier attorney fees. Second, even if we assume for purposes of argument that the clauses are invalid, N.D.C.C. § 9-04-04 provides: "When a contract has several distinct objects, of which one at least is lawful and one at least is unlawful in whole or in part, the contract is void as to the latter and valid as to the rest." The guaranty can be construed to give effect to its lawful objectives without consideration of the allegedly invalid clauses. *See Schue v. Jacoby*, 162 N.W.2d 377, 383 (N.D. 1968). Honsey's argument is without merit.

[¶16] Honsey argues that he did not freely consent to the guaranty, which makes it voidable under N.D.C.C. § 9-03-04, because he made a mistake of fact, *see* N.D.C.C. § 9-03-13, and believed he signed the guaranty on behalf of Pinky's and not in his individual capacity. A mistake of fact consists of "[a]n unconscious ignorance or forgetfulness of fact, past or present, material to the contract," or the "[b]elief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed." N.D.C.C. § 9-03-13. Honsey's mistaken belief that by signing the personal guaranty in both his personal and representative capacities Pinky's was guaranteeing its own debt does not amount to a mistake of fact as defined by the statute. Honsey's misunderstanding of the effect of signing the guaranty in dual capacities was not a mistake of fact because he was aware of the fact that he needed to guarantee the debt for Frontier to continue factoring for the sub-subcontractors. *See Lange v. Cusey*, 379 N.W.2d 775, 779 (N.D.

7

1985) (misunderstanding of the effect of a legal document is not a mistake of fact if person claiming mistake was aware of the facts as they really were).  Honsey's misunderstanding also does not qualify as a mistake of law under N.D.C.C. § 9-03-14, which requires either a "misapprehension of the law by all parties" or a "misapprehension of the law by one party of which the others are aware at the time of contracting, but which they do not rectify."  There is no evidence that both parties were aware of Honsey's misunderstanding or that Frontier was aware of Honsey's misunderstanding and failed to rectify it.  *See Lange*, at 779.

[¶17]  We have concluded Pinky's could not guarantee Pinky's' debt. Honsey signed the guaranty in his personal capacity, even though he included his representative capacity for the corporation.  The guaranty clearly states "I, Dale Honsey personally guarantee."  Parol evidence is not admissible to contradict unambiguous terms of a written agreement.  *See, e.g, In re Estate of Dionne*, 2009 ND 172, ¶ 16, 772 N.W.2d 891.  Honsey cannot challenge with parol evidence the unambiguous statement that he personally guaranteed Pinky's' debt.

[¶18]  Honsey argues the guaranty is void for lack of consideration under N.D.C.C. § 22-01-03, because it was not entered into at the same time as the original obligation and there is no evidence of consideration distinct from the original obligation. Frontier argues distinct consideration consists of Pinky's and Honsey being able to meet their obligation to Baranko because sub-subcontractors would quit unless Frontier provided additional factoring for them and Frontier would not do so without a guaranty.

[¶19]  The existence of consideration is a question of law, *see Anderson v. Zimbelman*, 2014 ND 34, ¶ 18, 842 N.W.2d 852, and good consideration for a contract is any benefit conferred or detriment suffered.  *See Molbert v. Kornkven*, 2018 ND 120, ¶ 15, 910 N.W.2d 888.  Consideration need not be expressed in a guaranty.  *See* N.D.C.C. § 22-01-04.  Pinky's was conferred a benefit by being able to continue operations and Honsey was similarly conferred that benefit as Pinky's'

8

president and owner. We conclude Honsey received good consideration for the personal guaranty.

[¶20] We conclude the district court did not err in granting summary judgment against Honsey on his personal guaranty.

III

[¶21] Frontier seeks an award of costs and attorney fees against Pinky's for a frivolous appeal. For purposes of N.D.R.App.P. 38, "[a]n appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 19, 718 N.W.2d 586. We do not find Pinky's' appeal to be frivolous, and we deny Frontier's request.

IV

[¶22] It is unnecessary to address other arguments raised because they are either unnecessary to the decision or are without merit. We affirm the judgment.

[¶23] Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Mark T. Blumer, D.J.
Gerald W. VandeWalle, C.J.

[¶24] The Honorable Mark T. Blumer, D.J., sitting in place of Crothers, J., disqualified.