# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 230

Larson Latham Huettl LLP,                                    Plaintiff and Appellee

   v.

Thomas J. Burckhard,                                    Defendant and Appellant

## No. 20220187

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Samuel G. Larson (argued) and Gregory C. Larson (on brief), Bismarck, ND, plaintiff and appellee.

Thomas J. Burckhard, self-represented, Minot, ND, defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Thomas Burckhard appeals from a judgment entered following consideration of Larson Latham Huettl LLP's motion for summary judgment. Burckhard argues there are genuine issues of material fact as to each of his affirmative defenses and the district court abused its discretion in denying Burckhard additional time to conduct discovery. We affirm.

I

[¶2] Burckhard began employment with Larson Latham Huettl LLP (hereinafter LLH) in January 2019. In May 2019 Burckhard signed an employment contract, under which Burckhard agreed he would receive compensation based upon projected hours billed. Any overpayment resulting from a deficiency between the projected hours he would bill and the actual hours he billed would be considered a debt owed by Burckhard to LLH. The relevant portions of the contract are as follows:

> 1. <u>Salary.</u> Associate will be paid a base salary pursuant to agreement with LLH and an incentive commission as shown on the attached Schedule A. Associate will be required to bill out the average number of hours per week as shown on Schedule A commensurate with the Associate's base salary.
>
> . . . .
>
> 3. <u>Billed Hours Credited.</u> Associate will be credited with hours that are billed out to clients that are approved by a partner of LLH. Associate may be credited for billable hours, administration hours, or client relation hours.
>
> It is possible, at the discretion of the partners of LLH, that some of Associate's hours may be eliminated if it is determined that the hours are not appropriate to be billed and Associate will not receive any credit for these hours. If Associate is asked to do certain work for the firm that cannot be billed to a client, then this work will be billed as administration hours or client relations

hours. All administration and client relations hours must be pre-approved by a partner of LLH.

. . . .

6. <u>Hours Billed Discrepancy.</u> In the event that Associate bills out less than the base quota for a three month period, the Associate's salary will be reduced appropriately at the discretion of LLH in order to make up for any discrepancy. Any discrepancy where the actual hours billed is less than the base hours required will be considered a debt owed by Associate to LLH at the end of the calendar year or at the termination of employment.

[¶3] Burckhard's employment with LLH ended on August 15, 2020. At that time, Burckhard was paid for 697.88 projected billable hours more than his actual billable hours resulting in an overpayment of compensation in the amount of $29,885.38. LLH filed suit alleging breach of contract seeking to recover the excess compensation of $29,885.38, plus pre-judgment interest.

[¶4] LLH moved for summary judgment. The district court granted LLH's motion finding there were no issues of material fact and LLH was entitled to judgment as a matter of law. Burckhard appealed, arguing summary judgment was improper because the contract's purpose was frustrated, the contract is unconscionable, the contract fails for lack of consideration, LLH waived its right to obtain payment, there is a genuine dispute as to the amount of the damages, and the district court abused its discretion in denying Burckhard additional time for discovery.

## II

[¶5] Burckhard argues the district court abused its discretion in denying him additional time to complete discovery. Rule 56(f), N.D.R.Civ.P., allows for additional discovery before summary judgment is granted and we have noted the following:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit

2

> affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 9, 712 N.W.2d 855. A decision to grant or deny a request under Rule 56(f) is within the discretion of the district court and will not be reversed unless the court abuses its discretion. *Id.* "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law." *Id.* (quoting *Sec. Nat'l Bank v. Wald*, 536 N.W.2d 924, 928 (N.D. 1995)).

[¶6] Burckhard did not move for additional time to conduct discovery, did not reference Rule 56(f) in his response to the motion for summary judgment, and conceded he did not dispute the discrepancy of 697.88 hours between his projected hours and his actual billable hours as asserted by LLH. Burckhard did allege in his response to the motion for summary judgment that he did not have sufficient records to dispute how the actual billed hours were computed, whether any hours he worked were excluded, or how much LLH collected from clients.

[¶7] The district court addressed Burckhard's assertion he needed to complete discovery to determine how much LLH collected from clients for the work he performed by finding the discovery was not relevant to determining LLH's damages, because how much LLH collected did not change the contract's calculation of damages based on the payment for projected hours exceeding what Burckhard was owed for his actual billed hours. Even if LLH realized a profit from Burckhard's services, it could have realized a greater profit had he met the billable hour requirement set in the contract.

[¶8] The district court addressed Burckhard's assertion additional discovery was needed to determine whether LLH properly credited him with hours he had worked. The court found "Burckhard received notice every month of the billable hours he made, so he did have notice he was deficient . . . [t]o prevent summary judgment, Burckhard must do more than just say he thinks there are issues with how LLH came up with the accounting." Despite having access to the monthly notices, Burckhard did not provide any evidence LLH failed to credit him for billable hours.

3

[¶9]   We have previously affirmed a district court's denial of a request for additional discovery where the moving party failed to adequately explain what information was sought, why it was not obtained beforehand, and how it would preclude summary judgment. *Swanson v. Larson*, 2021 ND 216, ¶ 9, 967 N.W.2d 778. Additionally, N.D.R.Civ.P. 56(f) "requires that the party, preferably by affidavit, identify with specificity what particular information is sought, and explain how that information would preclude summary judgment and why it has not previously been obtained." *Vicknair v. Phelps Dodge Indus., Inc.*, 2011 ND 39, ¶ 19, 794 N.W.2d 746. Here, Burckhard did not reference the applicable rule, failed to submit affidavits supporting his request for additional discovery, failed to identify what information he would seek through discovery, failed to explain why he was unable to obtain the information before the motion for summary judgment, and failed to explain how the information would preclude summary judgment. The court's decision to deny the request for additional discovery was not arbitrary, unreasonable, or rendered in an unconscionable manner, and the court did not misinterpret or misapply the law. We conclude the district court did not abuse its discretion by denying Burckhard's request for additional discovery.

## III

[¶10] The district court granted summary judgment in favor of LLH, awarding LLH a recovery for the excess compensation and rejecting Burckhard's affirmative defenses. The standard for reviewing summary judgment is well established.

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably

4

be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Poppe v. Stockert*, 2015 ND 252, ¶ 4, 870 N.W.2d 187 (citations omitted) (quoting *Johnson v. Shield*, 2015 ND 200, ¶ 6, 868 N.W.2d 368).

A

[¶11] Burckhard argues the employment contract's purpose was frustrated because a basic assumption of the contract was that LLH would provide Burckhard with an adequate case load to meet his billable hour requirements. Frustration of purpose occurs when "after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made." *WFND, LLC v. Fargo Marc*, LLC, 2007 ND 67, ¶ 18, 730 N.W.2d 841 (quoting Restatement (Second) of Contracts § 285 (Tent. Draft No. 9) (1974)); *see also* Restatement (Second) of Contracts § 265 (1981) (adopted version). Determining whether there has been frustration of purpose with regard to a contract requires consideration of "whether events have occurred after formation of the contract to frustrate the principal purpose or basic assumption of the contract and involves interpretation of the principal purpose or basic assumption of the contract." *City of Harwood v. City of Reiles Acres*, 2015 ND 33, ¶ 23, 859 N.W.2d 13.

[¶12] Our cases reviewing an allegation of frustration of purpose in a contract cite favorably to the requirements described in the Restatement. *R & F Fin. Serv., LLC v. Cudd Pressure Control, Inc.*, 2021 ND 12, ¶ 19, 953 N.W.2d 665 (citing Restatement (Second) of Contracts § 265 comment (a) (1981)). Those requirements include the following: 1) the purpose that is frustrated must have been "a party's principal purpose" in making the contract; 2) the purpose must be "substantially frustrated" without fault by the party asserting the defense; and 3) the non-occurrence of the frustrating event must have been "a basic assumption on which the contract was made." *Id*. at ¶¶ 19-20.

5

[¶13] In his appellate brief, Burckhard does not identify or provide direct discussion of the requirements recognized by this Court as necessary to establish the defense of frustration of purpose. His brief summarily asserts the parties assumed LLH would provide sufficient work for Burckhard to meet the projected billable hours upon which his compensation was based, and there are questions of fact regarding whether LLH made sufficient work available to him. In the district court he argued he had no control over the work and clients provided to him, the COVID-19 pandemic made it impossible to meet the billable hour requirements, and LLH's receipt of payroll assistance funds related to pandemic relief supported his defense of frustration of purpose.

[¶14] The district court, in ruling on the motion for summary judgment, noted the following:

> For frustration of purpose, a defendant must prove, through no fault of his own, something occurred which the non-occurrence of was a basic assumption of the contract. In this case, Burckhard would have to show 1) there was a basic assumption that LLH would provide him sufficient cases and clients to meet his billable hour requirements; 2) LLH failed to provide him the clients; and 3) the lack of work was through no fault of his own. The Court finds Burckhard failed to provide any evidence that LLH agreed to provide him clients. The employment agreement does not state LLH would do so, but rather provided incentives for Burckhard to find his own work.

[¶15] In the context of considering the defense of frustration of purpose we have noted the "object of interpreting and construing a contract is to ascertain and give effect to the parties' mutual intention at the time of contracting." *Harwood*, 2015 ND 33, ¶ 24 (citing N.D.C.C. § 9-07-03; *Fargo Foods, Inc. v. Bernabucci*, 1999 ND 120, ¶ 13, 596 N.W.2d 38). "The parties' intention must be ascertained from the writing alone, if possible." *Id.* (citing N.D.C.C. § 9-07-04; *Bernabucci*, at ¶ 13). "A contract must be construed as a whole to give effect to each provision, if reasonably possible." *Id.* (citing N.D.C.C. § 9-07-06; *Bernabucci*, at ¶ 13). "The interpretation of a written contract to determine its legal effect is a question of law." *Id.* (citing *Bernabucci*, at ¶ 13). "Interpretation of a contract is a question of law, and on appeal this Court independently

examines and construes the contract to determine if the district court erred in its interpretation." *Lario Oil & Gas Co. v. EOG Res., Inc.*, 2013 ND 98, ¶ 5, 832 N.W.2d 49 (quoting *Irish Oil and Gas, Inc. v. Riemer*, 2011 ND 22, ¶ 11, 794 N.W.2d 715).

[¶16] The primary purpose of the contract was to define an employment relationship between LLH and Burckhard, including the terms of compensation. Burckhard asserts the parties assumed LLH would provide sufficient work for him to satisfy his billable hour requirement. In order to prevail on his defense of frustration of purpose he must demonstrate a basic assumption of the contract was that LLH would provide sufficient billable hours to cover his prepaid compensation, that the lack of sufficient billable hours led to a substantial frustration of the employment relationship as defined by the contract, and the substantial frustration was not his fault.

[¶17] The contract provides no indication LLH had an obligation to provide Burckhard with sufficient work to satisfy his billing requirement. To the contrary, the inclusion of Section 6 in the employment agreement anticipated there could be instances where Burckhard would not reach his required billable hours. The contract also provided incentives for Burckhard to find his own work. The district court noted that Burckhard had failed to provide any evidence LLH had an obligation to provide sufficient work to prevent a deficiency between his prepaid compensation and billable hours. Even if there was an assumption LLH would provide Burckhard with sufficient work to meet his billable hour requirement, and we assume LLH failed to do so, the primary purpose of defining the parties' employment relationship remained intact with the amount of compensation adjusted accordingly; there was not a substantial frustration of purpose. Based on the record in this case, we conclude the district court did not err in determining there were no questions of fact regarding the defense of frustration of purpose.

B

[¶18] Burckhard argues the employment agreement was unconscionable and should not be enforced.

7

The court employs a two-prong framework to determine whether a contractual provision is unconscionable and considers both procedural unconscionability and substantive unconscionability. Strand [v. U.S. Bank Nat'l Ass'n ND], 2005 ND 68, ¶ 7, 693 N.W.2d 918. Procedural unconscionability relates to procedural deficiencies in the contract formation process, including refusal to bargain over contract terms. Id. at ¶ 10. Substantive unconscionability relates to the terms of the contract and whether the terms are unreasonably favorable to the more powerful party. Id. "[A] party alleging unconscionability must demonstrate some quantum of both procedural and substantive unconscionability, and courts are to balance the various factors, viewed in totality, to determine whether the particular contractual provision is 'so one-sided as to be unconscionable.'" Id. at ¶ 12 (quoting Construction Assocs., [Inc. v. Fargo Water Equip. Co.,] 446 N.W.2d [237,] 241 [(N.D. 1989)]).

*Thompson v. Lithia N.D. Acquisition Corp. #1*, 2017 ND 136, ¶ 19, 896 N.W.2d 230. The question of unconscionability is one of law, but factual findings by the trial court are reviewed under the clearly erroneous standard. *Terry v. Terry,* 2002 ND 2, ¶ 14, 638 N.W.2d 11.

[¶19] "Procedural unconscionability focuses upon formation of the contract and fairness of the bargaining process, including factors such as inequality of bargaining power, oppression, and unfair surprise." *Thompson*, 2017 ND 136, ¶ 20 (quoting *Strand,* 2005 ND 68, ¶ 13). "Substantive unconscionability focuses on the harshness or one-sidedness of the contractual provision." *Id.* at ¶ 21.

[¶20] Burckhard argues the contract was procedurally unconscionable because he was asked to sign the employment agreement several months into his employment and he did not feel that he could negotiate the terms of the agreement. Burckhard argues the employment agreement is substantively unconscionable because the agreement provides LLH the sole control to decide what hours will be credited to the associate's required billable hours and LLH was in control of the client base. The district court addressed these assertions as follows:

The Court finds Burckhard has failed to prove the employment agreement was unconscionable. Both parties received benefits and had obligations under the contract. Burckhard was provided with a reasonable salary and benefits. Having a billable hour requirement as is present in this agreement was not unconscionable. Further, the Court finds there was no procedural unconscionability. Although LLH drafted the agreement, there is no evidence Burckhard objected to anything in the employment agreement when he signed it. Burckhard is a well-educated man with training in contracts from law school. The Court finds the employment agreement was not so one-sided or harsh to be unconscionable.

[¶21] After a review of the record we conclude the district court did not err in determining the parties' employment contract was not unconscionable.

C

[¶22] Burckhard argues the employment contract is void for lack of consideration because he was asked to sign the contract months after he started working for LLH and received nothing in exchange and his billing rate was increased and he received nothing in exchange. Consideration in a contract consists of a benefit conferred or a detriment received. *Frontier Fiscal Servs., LLC v. Pinky's Aggregates, Inc.*, 2019 ND 147, ¶ 19, 928 N.W.2d 449. Section 9-05-10, N.D.C.C., provides "[a] written instrument is presumptive evidence of a consideration."

[¶23] Burckhard and LLH had a written employment contract where Burckhard received compensation based on projected hours, subject to his subsequent ability to meet his billable hour requirement. The employment contract stated its purpose was to memorialize the parties' agreement, not create a new agreement. Burckhard received a benefit, his compensation, in exchange for providing work on behalf of LLH. The district court did not err in dismissing Burckhard's lack of consideration defense.

9

## D

[¶24] Burckhard argues LLH waived its right to enforce Section 6 of the employment agreement because LLH did not enforce the "debt owed" until after the employment agreement was terminated. "Waiver is a voluntary and intentional relinquishment of a known right or privilege and is ordinarily a question of fact." *Holverson v. Lundberg*, 2016 ND 103, ¶ 23, 879 N.W.2d 718. Waiver can be established by an express agreement or by inference from acts or conduct of the parties. *Pfeifle v. Tanabe*, 2000 ND 219, ¶ 18, 620 N.W.2d 167. If circumstances of an alleged waiver are admitted or clearly established and reasonable persons can draw only one conclusion from those circumstances, whether there was a waiver is a question of law. *Id.* "Waiver may be found from an unexplained delay in enforcing contractual rights or accepting performance different than called for by the contract." *Id.*

[¶25] The contract permits LLH to seek the "debt owed" by an associate at the end of each calendar year or upon termination of employment. Section 6 provides:

> 6. <u>Hours Billed Discrepancy</u>. In the event that Associate bills out less than the base quota for a three month period, the Associate's salary will be reduced appropriately at the discretion of LLH in order to make up for any discrepancy. Any discrepancy where the actual hours billed is less than the base hours required will be considered to be a debt owed by Associate to LLH at the end of the calendar year *or at the termination of employment*.

(Emphasis added.) LLH had the discretion to seek a recovery of the debt owed at the end of the calendar year or at the termination of employment. LLH chose to seek the debt owed after termination of Burckhard's employment. The district court did not err in dismissing Burckhard's waiver defense.

## E

[¶26] Burckhard argues there are genuine issues of material fact as to the amount of damages. A party resisting summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Riemers v. Omdahl*, 2004 ND 188, ¶ 4, 687 N.W.2d 445.

> A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, and, if appropriate, drawing the court's attention to evidence in the record . . . raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

*First Nat. Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983) (citations omitted).

[¶27] Burckhard argues that if "[v]iewed in a light most favorable to the party resisting Summary Judgment, the discrepancy as to the total damages, if any, would create a factual dispute to be determined by a trier of fact, and as much was alleged in the response to the motion." In his affidavit, Burckhard alleges the amount of damages is incorrect because LLH was in sole control of whether the hours reported by Burckhard would be credited as billable hours. However, under the terms of the contract, LLH had the sole discretion to determine which hours would be credited to Burckhard's required billable hours. Moreover, Burckhard provided the district court with mere conclusory statements that he disagrees with the amount of damages without any explanation regarding how he reaches that conclusion. He provided no evidence that the amount of hours he actually billed was improperly calculated. Burckhard failed to provide sufficient evidence to show there is a genuine dispute as to a material fact regarding the calculation of LLH's damages.

IV

[¶28] Burckhard failed to prove there was a genuine dispute as to any material fact. The district court properly granted summary judgment in favor of LLH and properly dismissed all of Burckhard's affirmative defenses. We affirm.

[¶29] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte